**Silviano v A.O. Smith Water Prods. Co.**

2024 NY Slip Op 30902(U)

March 18, 2024

Supreme Court, New York County

Docket Number: Index No. 190242/2019

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ADAM SILVERA

                                                           *Justice*

PART          13

------------------------------------------------------------------X

INDEX NO.          190242/2019

MOTION DATE          01/17/2024

MOTION SEQ. NO.          007

JO-ANN SILVIANO AS EXECUTRIX FOR THE ESTATE OF
KENNETH LAST,

                                        Plaintiff,

                              - v -

A.O. SMITH WATER PRODUCTS CO., AIR & LIQUID
SYSTEMS CORPORATION,   AS SUCCESSOR-BY-
MERGER TO BUFFALO PUMPS, INC, AMCHEM
PRODUCTS, INC.,   N/K/A RHONE POULENC AG
COMPANY,   N/K/A BAYER CROPSCIENCE
INC.,AMERICAN BILTRITE INC.,ARCONIC, INC, AURORA
PUMP COMPANY, BIRD INCORPORATED, BLACKMER,
BORGWARNER MORSE TEC LLC,BURNHAM, LLC,
INDIVIDUALLY, AND AS SUCCESSOR TO   BURNHAM
CORPORATION, BW/IP, INC. AND ITS WHOLLY OWNED
SUBSIDIARIES, CBS CORPORATION, F/K/A VIACOM
INC.,   SUCCESSOR BY MERGER TO   CBS
CORPORATION, F/K/A   WESTINGHOUSE ELECTRIC
CORPORATION, CERTAINTEED CORPORATION,
COMPUDYNE CORPORATION,   INDIVIDUALLY, AND
AS SUCCESSOR TO YORK SHIPLEY, INC.,CRANE CO,
CROWN BOILER CO.,   F/K/A CROWN INDUSTRIES,
INC.,DAP, INC.,DOMCO PRODUCTS TEXAS,
INC.,FLOWSERVE US, INC.   SOLELY AS SUCCESSOR
TO ROCKWELL MANUFACTURING COMPANY,
EDWARD VALVE, INC.,NORDSTROM VALVES,
INC.,EDWARD VOGT   VALVE COMPANY, AND VOGT
VALVE COMPANY, FMC CORPORATION,   ON BEHALF
OF ITS FORMER CHICAGO PUMP   & NORTHERN
PUMP BUSINESSES, FORT KENT HOLDINGS, INC.,
FORMERLY KNOWN AS DUNHAM-BUSH, INC.,FOSTER
WHEELER, L.L.C., GARDNER DENVER, INC.,GENERAL
ELECTRIC COMPANY, GOULDS PUMPS LLC,GRINNELL
LLC,HONEYWELL INTERNATIONAL, INC.,   F/K/A ALLIED
SIGNAL, INC. / BENDIX, IMO INDUSTRIES, INC.,,
INTERNATIONAL PAPER COMPANY,   INDIVIDUALLY
AND AS SUCCESSOR TO CHAMPION
INTERNATIONAL CORPORATION, AS SUCCESSOR
TO UNITED STATES PLYWOOD CORPORATION, ITT
INDUSTRIES, INC.   INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO HOFFMAN
SPECIALTY, ITT LLC.,   INDIVIDUALLY AND AS
SUCCESSOR TO BELL & GOSSETT   AND AS
SUCCESSOR TO KENNEDY VALVE   MANUFACTURING
CO., INC.,J-M MANUFACTURING COMPANY, INC,

**DECISION + ORDER ON
MOTION**

---

**190242/2019  LAST, KENNETH vs. A.O. SMITH WATER PRODUCTS CO.,**
**Motion No.  007**

Page 1 of 5

KAISER GYPSUM COMPANY, INC.,KOHLER CO.,
LEVITON MANUFACTURING CO., INC, MANNINGTON
MILLS, INC.,MARIO & DIBONO PLASTERING CO., INC,
MORSE DIESEL, INC, NORTHROP GRUMMAN CORP. AS
SUCCESSOR   TO GEORGE A. FULLER COMPANY,
PEERLESS INDUSTRIES, INC, PFIZER, INC. (PFIZER),
PNEUMO ABEX LLC,SUCCESSOR IN INTEREST   TO
ABEX CORPORATION (ABEX), PORT AUTHORITY OF
NEW YORK AND NEW JERSEY, RHEEM
MANUFACTURING COMPANY, SLANT/FIN
CORPORATION, SPIRAX SARCO, INC.   INDIVIDUALLY
AND AS SUCCESSOR TO SARCO COMPANY, TISHMAN
LIQUIDATING CORP, TISHMAN REALTY &
CONSTRUCTION CO., INC, TURNER CONSTRUCTION
COMPANY, U.S. RUBBER COMPANY (UNIROYAL),
UNION CARBIDE CORPORATION, UTICA BOILERS, INC.,
INDIVIDUALLY AND AS SUCCESSOR TO     UTICA
RADIATOR CORPORATION, VELAN VALVE
CORPORATION, VIKING PUMP, INC, WARREN PUMPS,
LLC,WEIL-MCLAIN, A DIVISION OF THE MARLEY-
WYLAIN COMPANY,   A WHOLLY OWNED SUBSIDIARY
OF THE MARLEY COMPANY, LLC,WEYERHAEUSER
COMPANY, IPA SYSTEMS, INC.,

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 007) 496, 497, 498, 499,
500, 502, 503, 504, 505, 506, 507, 510, 511, 512, 515, 516, 517, 518, 519, 520

were read on this motion to/for                      CONSOLIDATE/JOIN FOR TRIAL               .


Upon the foregoing documents, it is ordered that plaintiff's order to show cause seeking a

joint trial is granted for the reasons set forth below.

Here, plaintiff moves for a joint trial of two actions. Plaintiff seeks to consolidate the

instant action with *Joyce v AO Smith Water Products Co., el al.*, 190173/2020. Defendants

oppose and plaintiff replies.

The Case Management Order dated June 20, 2017 (hereinafter referred to as the "CMO")

states that "[t]wo cases may be joined for trial where plaintiff demonstrates that joinder is

warranted under *Malcolm v National Gypsum Co.* (995 F2d 346), and New York State cases

interpreting *Malcolm. Malcolm* and its progeny list factors to measure whether cases should be

**190242/2019   LAST, KENNETH vs. A.O. SMITH WATER PRODUCTS CO.,**
**Motion No.  007**

**Page 2 of 5**

2 of 5

[* 2]

joined; it is not necessary under *Malcolm* that all such factors be present to warrant joinder." CMO, § XXV. B. The factors to be considered under *Malcolm* are "(1) common worksites; (2) similar occupation; (3) similar time of exposure; (4) type of disease; (5) whether plaintiffs were living or deceased; (6) status of discovery in each case; (7) whether all plaintiffs were represented by the same counsel; and (8) type of cancer alleged". *Malcolm*, 955 F2d at 350-351. The United States Court of Appeals, 2nd Circuit, further noted that "[c]onsolidation of tort actions sharing common questions of law and fact is commonplace. This is true of asbestos-related personal injury cases as well." *Malcolm, id.* at 350 (internal quotations and citations omitted).

Plaintiff argues that consolidation of the cases for joint trial as specified above is appropriate. Plaintiff contends that both plaintiffs, Kenneth Last and Patrick Joyce, were exposed to asbestos during their employment as carpenters. Plaintiffs were also exposed during their work assisting auto mechanics, working on similar equipment, i.e. brakes and clutches. Plaintiff further contends that both plaintiffs developed plural mesothelioma and are deceased. Moreover, the discovery in both of these cases have been completed, and both plaintiffs are represented by the same counsel.

Defendants Union Carbide Corporation, Mario & DiBono Plastering Co., and Tishman Realty & Construction Co., Inc. oppose the instant motion, arguing that plaintiff failed to meet the burden to establish sufficient commonalities amongst the two actions. Specifically, opposing defendants contend that there is no commonality as to the plaintiffs' worksite, occupation, years of exposure, and defendants.

Here, reviewing all the *Malcolm* factors, the Court finds, and it is undisputed, that plaintiffs, Mr. Last and Mr. Joyce, were both exposed to asbestos through their employment as

**190242/2019  LAST, KENNETH vs. A.O. SMITH WATER PRODUCTS CO.,**
**Motion No.  007**

**Page 3 of 5**

[* 3]                                                    3 of 5

carpenters. Moreover, during significant portions of their career, Mr. Last and Mr. Joyce both worked assisting auto mechanics. Additionally, both plaintiffs developed pleural mesothelioma and are deceased. Furthermore, discovery in these actions is complete and the plaintiffs have the same counsel. Thus, seven of the eight *Malcom* factors have been satisfied.

There are common issues of law and fact in both actions. The CMO explicitly states that the Court may order joinder of cases based upon the *Malcolm* factors and that not all such factors must be present. Here, the *Malcolm* factors support joinder of the two actions. As Hon. Manuel Mendez previously held, "[j]udicial economy would be served by consolidating the actions of deceased plaintiffs with mesothelioma and whose exposure was related to their work on similar products... . In these case consolidations: (1) the central issue is the same; (2) it is the same Plaintiffs' counsel in the actions; (3) the Plaintiffs suffered from the same disease; (4) the Plaintiffs in the group are all deceased; and (5) the Plaintiffs were exposed...in a similar manner." *Haley v ABB, Inc.*, 190150/19, mot. 008, dated December 11, 2019. As stated above, although the plaintiffs did not share common worksites, this does not preclude joinder of the cases for trial. Adequate safeguards can be put in place during the trial to avoid juror confusion. Thus, plaintiff's motion seeking a joint trial is granted as to the instant action with *Joyce v AO Smith Water Products Co., et al.*, 190173/2020.

Accordingly, it is

ORDERED that a joint trial is granted as to *Last v AO Smith Water Products Co., et al.*, 190242/2019, and *Joyce v AO Smith Water Products Co., et al.*, 190173/2020; and it is further

ORDERED that, within thirty days of entry, plaintiffs shall serve a copy of this order

**190242/2019 LAST, KENNETH vs. A.O. SMITH WATER PRODUCTS CO.,**
**Motion No. 007**

**Page 4 of 5**

4 of 5

upon all parties, together with notice of entry.

This constitutes the Decision/Order of the Court.

| 3/18/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | ADAM SILVERA, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**190242/2019  LAST, KENNETH vs. A.O. SMITH WATER PRODUCTS CO.,**
**Motion No.  007**

**Page 5 of 5**

5 of 5